UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE, and SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

## **COMPLAINT**

1.  For decades, the Community Economic Development Center of Southeastern Massachusetts ("CEDC") has assisted immigrant residents of the New Bedford region with tax filing as a Volunteer Income Tax Assistance site. In recent years, it has even taken further certifications to assist taxpayers who are ineligible for Social Security Numbers to obtain Individual Taxpayer Identification Numbers.

2.  Throughout this assistance, CEDC repeated representations by the Internal Revenue Service ("IRS") that immigrant taxpayers did not need to fear that their information would be shared with immigration enforcement agencies absent judicial supervision, thanks to longstanding statutory protections for the privacy of tax-related information.

3.  Earlier this year, amid the Trump administration's rush to deport as many people as possible from the United States, the IRS reversed this longstanding promise. The Department

1

of Treasury and Department of Homeland Security entered into a Memorandum of Understanding providing for the IRS to share taxpayers' information with Immigration and Customs Enforcement ("ICE"). While that MOU has been revealed in the course of litigation, important details about the nature of this information-sharing were relegated to a separate "implementation agreement." That implementation agreement remains undisclosed.

4.      Meanwhile, the press has reported on parallel agreements between the Social Security Administration ("SSA") and ICE providing for sharing of immigrant taxpayers and workers with ICE as well. Although at least 90,000 people's information has been shared under these agreements, they also remain hidden from public view.

5.      Seeking to understand the nature of these agreements and educate its members and the community more broadly about this data-sharing, CEDC submitted Freedom of Information Act ("FOIA") requests to the IRS, the SSA, and ICE. Although CEDC sought expedited processing, reflecting its community's urgent concern, no records have been disclosed.

6.      Accordingly, CEDC now turn to this Court for assistance in securing these public records.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

8.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

9.      Defendants have failed to comply with the applicable time-limit provisions of FOIA. Accordingly, CEDC is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to an injunction ordering the production of improperly withheld records.

## PARTIES

10. Plaintiff CEDC is a 501(c)(3) nonprofit organization based in New Bedford, Massachusetts. CEDC was formed to support the economic development and self-sufficiency of low- and moderate-income households across its region. Over the past several decades, it has supported both native-born and immigrant community members with tax filing, workforce development, placemaking, cultural programming, and other services.

11. Defendant Internal Revenue Service is a component of the Department of Treasury, which is a department of the executive branch of the U.S. government, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The IRS is headquartered in Washington, DC, and it has possession, custody, and control of the records that CEDC requested.

12. Defendant Social Security Administration is an independent agency within the executive branch of the U.S. government. As such, it is an agency of the federal government with the meaning of 5 U.S.C. § 552(f)(1). The SSA is headquartered in Woodlawn, MD, and it has possession, custody, and control of the records that CEDC requested.

## STATEMENT OF FACTS

13. On May 30, 2025, CEDC submitted FOIA requests relating to the agreements providing for information-sharing between IRS and SSA, on one hand, and ICE, on the other hand.

**IRS**

14. CEDC submitted a FOIA request to IRS seeking "The implementation agreement pursuant to the April 7, 2025 Memorandum of Understanding, between the U.S. Treasury Department and U.S. Department of Homeland Security for the Exchange of Information for

Nontax Criminal Enforcement, which was entered into between April 7, 2025 and April 21, 2025." A true and accurate copy of this request is attached to this complaint as Exhibit A.

15. The FOIA request to the IRS sought expedited processing, grounded in the "compelling need" for the records, based on the urgency to inform the public about the agency's data-sharing plans.

16. The IRS acknowledged receipt of the FOIA request and assigned it tracking number 2025-15251.

17. The FOIA requires the agency to make a decision regarding an expedited processing request within ten days of receiving the request. 5 U.S.C. § 552

18. As of the filing of this complaint, the IRS has not made a determination regarding expedited processing of this request.

**SSA**

19. CEDC submitted a FOIA request to SSA seeking "The agreement or agreements reached during or after February 2025 between Social Security Administration and Immigration and Customs Enforcement (or Department of Homeland Security on behalf of Immigration and Customs Enforcement, as reported in the New York Times. *See* Alexandra Berzon, et al., *Social Security Lists Thousands of Migrants as Dead to Prompt Them to 'Self-Deport'*, N.Y. Times, April 10, 2025." A true and accurate copy of this request is attached to this complaint as Exhibit B.

20. The FOIA request to the IRS sought expedited processing, grounded in the "compelling need" for the records, based on the urgency to inform the public about the agency's data-sharing plans.

21. The SSA acknowledged receipt of the FOIA request and assigned it tracking number 2025-FOIA-02022.

22. The FOIA requires the agency to make a decision regarding an expedited processing request within ten days of receiving the request. 5 U.S.C. § 552

23. As of the filing of this complaint, the SSA has not made a determination regarding expedited processing of this request.

## COUNT I (IRS)
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Responsive Records

24. CEDC repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25. CEDC properly requested a record within the possession, custody, and control of Defendant IRS.

26. Defendant IRS did not make a determination whether to grant expedited processing to CEDC for this request, notwithstanding the urgency to inform the public about the agency's approach to sharing information with immigration enforcement agencies.

27. Defendant IRS has effectively withheld the requested record.

28. Defendant IRS's failure to provide this record violates FOIA.

29. Plaintiff CEDC is therefore entitled to declaratory and injunctive relief requiring Defendant IRS to promptly produce the implementation agreement.

## COUNT II (SSA)
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Responsive Records

30. CEDC repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31. CEDC properly requested record within the possession, custody, and control of Defendant SSA.

32. Defendant SSA did not make a determination whether to grant expedited processing to CEDC for this request, notwithstanding the urgency to inform the public about the agency's approach to sharing information with immigration enforcement agencies.

33. Defendant SSA has effectively withheld the requested records.

34. Defendant SSA's failure to provide these records violates FOIA.

35. Plaintiff CEDC is therefore entitled to declaratory and injunctive relief requiring Defendant SSA to promptly produce the requested agreements.

## REQUESTED RELIEF

Plaintiff CEDC therefore respectfully requests that this Court:

(1) Order Defendants IRS and SSA to produce the requested records without redaction; and

(2) Award Plaintiff CEDC the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(3) Grant Plaintiff CEDC such other relief as the Court deems just and proper.

Dated: July 8, 2025

/s Luz Arevalo
/s Angela Divaris
Luz A. Arevalo BBO 564011
Angela Divaris*
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
(617) 461-4944
LArevalo@gbls.org
ADivaris@gbls.org

/s Joshua Rosenthal
Joshua Rosenthal*
Asian Law Caucus
55 Columbus Ave.
San Francisco, CA 94111
(628) 345-5628
jrosenthal@asianlawcaucus.org

*Counsel for Plaintiff Community Economic Development Center of Southeastern Massachusetts*

*Motion for leave to appear pro hac vice forthcoming