# EXHIBIT A



55 Columbus Ave
San Francisco, CA 94111
415.896.1701 | fax 415.896.1702
asianlawcaucus.org

Internal Revenue Service
GLDS Support Services
Stop 211
PO Box 621506
Atlanta, GA 30362-3006
*Via Online Portal*

May 30, 2025

Dear FOIA Officer:

This is a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* for the record identified below, on behalf of our client Community Economic Development Center of Southeastern Massachusetts ("CEDC"). If possible, we request that the records be provided in electronic format.

## Records Requested

We request the following record: The implementation agreement pursuant to the April 7, 2025 Memorandum of Understanding, between the U.S. Treasury Department and U.S. Department of Homeland Security for the Exchange of Information for Nontax Criminal Enforcement, which was entered into between April 7, 2025 and April 21, 2025.

## Expedited Processing

We request expedited processing of this request.

First, there is a "compelling need" for expedited processing. *See* 5 U.S.C. § 552(a)(6)(E)(i). There is a compelling need for expedited processing where there is an "urgency to inform the public about actual . . . federal government activity" and the request was made "by a person who is primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 26 C.F.R. § 601.702(c)(6)(i)(B). There is an "urgency to inform the public" about the imminent sharing of return information with Immigration and Customs Enforcement.

Further, CEDC is primarily engaged in disseminating information. The organization provides information and services to low- and moderate-income residents of New Bedford, MA and surrounding areas. Many of these residents are immigrants, including undocumented immigrants and immigrants in fragile immigration statuses. CEDC seeks to provide useful, up-to-date information to these community members via a range of methods, including a WhatsApp notice

1

group, weekly streaming video on Facebook Live, in-person educational events, one-on-one consultations, and communications with the newsmedia.

Second, although any one ground for expedited processing is sufficient, this request also meets an additional ground set forth in the Department of Homeland Security FOIA regulations: the requested records involve "the loss of substantial due process rights. 26 C.F.R. § 601.702(c)(6)(i)(C). The IRS-ICE implementation agreement would reportedly allow for information sharing, including for individuals with outstanding final orders of removal. Because there is no further process accorded to such individuals before removal may be undertaken, an error in the execution of the removal order—for example, because a taxpayer was incorrectly identified as the subject of a removal order—would lead to a grave deprivation of due process. That risk does not even account for the inherent deprivation of privacy without due process that may occur pursuant to the agreements with IRS and SSA.

**Fee Waiver**

We request a waiver of all costs pursuant to the public interest/benefit fee waiver established by 5 U.S.C. § 552(a)(4)(A)(iii) ("Documents shall be furnished without any charge . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the Requestor."). The public interest/benefit fee waiver provisions of the FOIA are to be "liberally construed" and are "consistently associated with requests from journalists, scholars, and non-profit interest groups who it was intended to benefit." *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of fee waivers for FOIA noncommercial requestors.'") (citation omitted); *see also Carney v. U.S. Dept. of Justice*, 19 F.3d 807, 814 (2d Cir. 1994) (reversing a fee waiver denial that was based on an "unduly restrictive construction [of] the public interest fee waiver provision").

As a nonprofit community-development organization, CEDC has no commercial interest in the requested record. Rather, the disclosure of this agreement will contribute to the understanding of a heavily publicized matter, which is of dire concern to the New Bedford immigrant community and beyond. As an organization that engages in active information-dissemination and works closely with other organizations across Massachusetts and around the country, CEDC is well-positioned to further contribute to the public understanding of this matter.

If you determine that either expedited processing or a fee waiver are not appropriate, please contact me at joshr@asianlawcaucus.org or

I certify that the foregoing statements are true and correct.

Yours,

__/s Joshua Rosenthal____
Joshua Rosenthal

3

# EXHIBIT B



55 Columbus Ave
San Francisco, CA 94111
415.896.1701 | fax 415.896.1702
asianlawcaucus.org

Social Security Administration
Office of Privacy and Disclosure
ATTN: Freedom of Information Officer
WHR G401
6401 Security Boulevard
Baltimore, MD 21235

*Via Online Portal*

May 30, 2025

Dear Ms. Karangelen:

This is a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* for the records identified below, on behalf of our client Community Economic Development Center of Southeastern Massachusetts ("CEDC"). If possible, we request that the records be provided in electronic format.

**Records Requested**

We request the following record:
- The agreement or agreements reached during or after February 2025 between Social Security Administration and Immigration and Customs Enforcement (or Department of Homeland Security on behalf of Immigration and Customs Enforcement, as reported in the New York Times. *See* Alexandra Berzon, et al., *Social Security Lists Thousands of Migrants as Dead to Prompt Them to 'Self-Deport'*, N.Y. Times, April 10, 2025.

**Expedited Processing**

We request expedited processing of this request.

First, there is a "compelling need" for expedited processing. *See* 5 U.S.C. § 552(a)(6)(E)(i). There is a compelling need for expedited processing where there is an "urgency to inform the public about actual . . . federal government activity" and the request was made "by a person who is primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 20 C.F.R. § 402.65(a)(2). There is an "urgency to inform the public" about the imminent sharing of return information with Immigration and Customs Enforcement.

1

Further, CEDC is primarily engaged in disseminating information. The organization provides information and services to low- and moderate-income residents of New Bedford, MA and surrounding areas. Many of these residents are immigrants, including undocumented immigrants and immigrants in fragile immigration statuses. CEDC seeks to provide useful, up-to-date information to these community members via a range of methods, including a WhatsApp notice group, weekly streaming video on Facebook Live, in-person educational events, one-on-one consultations, and communications with the newsmedia.

**Fee Waiver**

We request a waiver of all costs pursuant to the public interest/benefit fee waiver established by 5 U.S.C. § 552(a)(4)(A)(iii) ("Documents shall be furnished without any charge . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the Requestor."). The public interest/benefit fee waiver provisions of the FOIA are to be "liberally construed" and are "consistently associated with requests from journalists, scholars, and non-profit interest groups who it was intended to benefit." *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of fee waivers for FOIA noncommercial requestors.'") (citation omitted); *see also Carney v. U.S. Dept. of Justice*, 19 F.3d 807, 814 (2d Cir. 1994) (reversing a fee waiver denial that was based on an "unduly restrictive construction [of] the public interest fee waiver provision").

As a nonprofit community-development organization, CEDC has no commercial interest in the requested record. Rather, the disclosure of this agreement will contribute to the understanding of a heavily publicized matter, which is of dire concern to the New Bedford immigrant community and beyond. As an organization that engages in active information-dissemination and works closely with other organizations across Massachusetts and around the country, CEDC is well-positioned to further contribute to the public understanding of this matter.

If you determine that either expedited processing or a fee waiver are not appropriate, please contact me at joshr@asianlawcaucus.org or

I certify that the foregoing statements are true and correct.

Yours,

\_\_/s Joshua Rosenthal\_\_\_\_\_
Joshua Rosenthal

2